UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

TRACY T. o/b/o T.L.J., JR.,

                  Plaintiff,

     -v-

COMMISSIONER OF SOCIAL SECURITY,

                  Defendant.

_____

25-CV-06101-MJR
DECISION AND ORDER

Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case.

Plaintiff Tracy T.[1] ("Plaintiff"), on behalf of her minor child, T.L.J., Jr., brings this action, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "defendant") denying her application for Supplemental Security Income ("SSI") pursuant to the Social Security Act (the "Act"). Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, Plaintiff's motion (Dkt. No. 5) is denied, and defendant's motion (Dkt. No. 12) is granted.

_____

[1] In accordance with the District's November 18, 2020, Standing Order, plaintiff is identified by first name and last initial.

## BACKGROUND[2]

On June16, 2022, Plaintiff filed an application for supplemental security income on behalf of the claimant, T.L.J., Jr. ("Claimant") (DOB: 12/21/2009), an individual under age 18, with an alleged disability onset date of June 16, 2021. (Administrative Transcript ["Tr."] Tr. 17, 149-65). The claim was denied initially and again upon reconsideration. (Tr. 17, 41-56, 67-73). Plaintiff timely filed a written request for hearing. (Tr. 78-96). On March 14, 2024, Administrative Law Judge ("ALJ") Michael Devlin held a hearing in Rochester, NY. (Tr. 27-40). Plaintiff and the Claimant appeared and testified at the hearing and were represented by counsel. On May 22, 2024, the ALJ issued an unfavorable decision, finding Claimant not disabled. (Tr. 17-26). The Appeals Council denied review. (Tr. 1-6). This action followed.

## DISCUSSION

I.    *Scope of Judicial Review*

This Court's review of the Commissioner's final decision is governed by 42 U.S.C. § 405(g), which states that the "findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." *See Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted). Pursuant to 42 U.S.C. § 405(g), a court's review is limited to determining whether the Commissioner's final decision is supported by substantial evidence and based upon correct legal standards. *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012); *see Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010). The substantial

---

[2] The Court presumes the parties' familiarity with Plaintiff's medical history, which is summarized in the moving papers.

evidence standard is "a very deferential standard of review – even more so than the 'clearly erroneous' standard," and the Commissioner's findings of fact must be upheld unless "a reasonable factfinder *would have to conclude otherwise.*" *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (emphasis in the original). As the United States Supreme Court in *Biestek v. Berryhill* explained:

> The phrase "substantial evidence" is a "term of art" used throughout administrative law to describe how courts are to review agency factfinding. *T-Mobile South, LLC v. Roswell*, 574 U.S. ——, ——, 135 S.Ct. 808, 815, 190 L.Ed.2d 679 (2015). Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations. *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938) (emphasis deleted). And whatever the meaning of "substantial" in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is "more than a mere scintilla." *Ibid.; see, e.g., Perales*, 402 U.S. at 401, 91 S.Ct. 1420 (internal quotation marks omitted). It means—and means only—"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison*, 305 U.S. at 229, 59 S.Ct. 206. *See Dickinson v. Zurko*, 527 U.S. 150, 153, 119 S.Ct. 1816, 144 L.Ed.2d 143 (1999) (comparing the substantial-evidence standard to the deferential clearly-erroneous standard).

—— U.S. ——, 139 S.Ct. 1148, 1154 (2019). Accordingly, if a reviewing court finds that there is substantial evidence supporting the Commissioner's decision, it must be upheld, even if there is also substantial evidence for the Plaintiff's position. *See Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996).

II. *Statutory Standard for Child's SSI Benefits*

The SSI program provides benefits to needy aged, blind, or disabled individuals who meet the statutory income and resource limitations. *See* 42 U.S.C. § 1381 et seq. An applicant under the age of eighteen will be considered disabled as defined under the Act if he "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or

which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C).

Under the Commissioner's regulations, an ALJ uses a sequential evaluation process to determine whether a child is disabled. 20 C.F.R. § 416.924(a)-(d). At the first step, the ALJ determines whether the child is engaged in any substantial gainful activity. 20 C.F.R. § 416.924(b). At the second step, the ALJ determines whether the child has a medically severe impairment or combination of impairments. 20 C.F.R. § 416.924(c). At the third step, the ALJ determines whether the child's impairment or combination of impairments meets, medically equals or functionally equals the criteria included in the listing of impairments at 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 416.924(d) (Listing). If a child's impairment or combination of impairments medically meets or equals a listed impairment, the child will be found to be disabled. 20 C.F.R. § 416.926. If this is not the case, the ALJ will assess the functional limitations caused by the child's impairment or impairments. 20 C.F.R. § 416.926a(a). If these limitations are the same as the disabling functional limitations caused by any listed impairment, the ALJ will find that the child's condition is functionally equivalent in severity to the listed impairment, and the child will be found disabled. *Id.*

In determining whether a child's impairment or combination of impairments is functionally equivalent to a listed impairment, the ALJ considers how the child functions in his activities in terms of six domains:

(1) Acquiring and using information;

(2) Attending and completing tasks;

(3) Interacting and relating with others;

(4) Moving about and manipulating objects;

(5) Caring for himself; and

(6) Health and physical well-being.

20 C.F.R. § 416.926a(b)(1). An impairment or combination of impairments functionally equals a listed impairment if it results in "marked" limitations in two domains of functioning, or an "extreme" limitation in one domain.[3] 20 C.F.R. § 416.926a(a), (d).

III.   *The ALJ's Decision*

In deciding Claimant's SSI claim, the ALJ applied the three-step sequential evaluation analysis set forth at 20 C.F.R. § 416.924(a)-(d). At step one, the ALJ found that C;laimant (born in 2009), who was a school-aged child at the time of his application and was an adolescent at the time of the ALJ's decision, had not engaged in substantial gainful activity. (Tr. 18). At step two, the ALJ found that Claimant had the following severe impairments: headaches; bilateral Osgood-Schlatter's disease of the knees; and attention-deficit hyperactivity disorder ("ADHD"). (Tr. 18). At step three, the ALJ first found that Claimant did not have an impairment or combination of impairments that met or medically equaled any impairment in the Listings. (Tr. 18). Additionally, the ALJ evaluated Claimant's impairments to determine whether they were functionally equivalent to a listed impairment and determined that they were not. (Tr. 19-22). Specifically, the ALJ found that Claimant had a marked limitation in the domain of acquiring and using; a less than marked limitation in the domains of attending and completing tasks and interacting and

---

[3] A limitation is considered "marked" if it seriously interferes with a claimant's ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2). A "marked" limitation is more than "moderate" but less than "extreme." Id. A limitation is considered "extreme" if it very seriously interferes with a claimant's ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(3). An "extreme" limitation is "more than marked," and is the rating given to the worst limitations. Id.

relating with others; and no limitation in the domains of moving about and manipulating objects, caring for himself, and health and physical well-being. (Tr. 19). Having found that Claimant did not have two marked limitations or one extreme limitation, the ALJ concluded that Claimant was not disabled. (Tr. 22).

*Plaintiff's Challenge*

Plaintiff raises one challenge to the ALJ's decision and contends that the ALJ should have found Claimant had a marked limitation in the domain of attending and completing tasks. However, Plaintiff has failed to satisfy her burden to prove that no reasonable fact finding could have found a less than marked limitation in the domain on the basis of the record. Accordingly, Plaintiff's argument fails.

The domain of attending and completing tasks considers how well a child can maintain focus and attention, and how well he or she is able to complete mental tasks. 20 C.F.R. § 416.926a(h); Social Security Ruling (SSR) 09-3p. The ALJ considered the record as a whole and reasonably found that Claimant had a less than marked limitation in attending and completing tasks. (Tr. 19-21). The ALJ noted that while Claimant had an ADHD diagnosis and was prescribed medications, Plaintiff testified in March 2024 that Claimant completed household chores with reminders and took his medication on his own. (Tr. 20; *see* Tr. 36). Plaintiff also testified during the administrative hearing that Claimant's medications wore off in the early afternoon and that Plaintiff would then receive messages from Claimant's teachers that he did not complete his assignments. (Tr. 38; *see also* Tr. 322 (medications tend to wear off in the afternoon)). The ALJ also considered that the record showed as of January 2024, Claimant had not seen a doctor in several years and  had not been taking medications for several years. (Tr. 20; *see* 319).

- 6 -

Additionally, February 2024 treatment notes showed that Claimant had a good response to medication when taken regularly, and that he reported being less distracted when on medication. (Tr. 322). Moreover, the ALJ also considered consultative psychologist Dr. Christine Ransom's mental status examination findings, which showed that Claimant had intact attention and concentration. (Tr. 21; *see* Tr. 276).

The ALJ also considered the reports from State agency psychological consultants Dr. K. Lieber-Diaz and Dr. L. Haus. (Tr. 22; *see* Tr. 43-45, 51-53). Both Dr. Lieber-Diaz and Dr. Haus reviewed the record and found that Claimant had a less than marked limitation in the domain of attending and completing tasks. (Tr. 44, 52). In addition, the ALJ considered the March 2024 questionnaire from Claimant's school counselor Ms. Briana Goins-Blair. (Tr. 22; *see* Tr. 335-42). In the domain of attending and completing tasks, Ms. Goins-Blair indicated that Claimant had "a serious problem" focusing long enough to finish assigned activity or tasks; refocusing to tasks when necessary; completing work accurately without careless mistakes; working without distracting self or others; and working at a reasonable pace/finishing on time. (Tr. 337). She also opined that Claimant had a "very serious problem" completing classwork and homework assignments and had an "obvious problem" paying attention when spoken to directly; carrying out multi-step instructions; and changing from one activity to another without being disruptive. (Tr. 337). Ms. Goins-Blair also indicated Claimant had a "slight problem" carrying out single-step instructions and no problem sustaining attention during play or sports activities, waiting to take turns, and organizing his own things or school materials. (Tr. 337). The ALJ interpreted Ms. Goins-Blair's questionnaire as supporting a less than

marked limitation in attending and completing tasks and found it persuasive as it was consistent with the record and based on her history with Claimant. (Tr. 22).

Plaintiff contends that the ALJ improperly cherry-picked from the record and should have found a marked limitation in the domain of attending and completing tasks.  More specifically, Plaintiff argues that the ALJ ignored Claimant's 504 Plan. However, contrary to Plaintiff's allegations, the decision specifically discussed and considered the 504 Plan and noted that Claimant's plan required repeated directions for academics and behavior. (Tr. 20).

Plaintiff also argues that the ALJ mischaracterized and downplayed Ms. Goins-Blair's teacher questionnaire. However, the ALJ considered Ms. Goins-Blair's questionnaire and found it persuasive. (Tr. 20-22). Plaintiff's arguments regarding Ms. Goins-Blair and the 504 Plan are really a request for the Court to reweigh the evidence and find that it could have conceivably supported a different conclusion.  However, this does not warrant remand under the substantial evidence standard of review. *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) ("If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld."). Rather, Plaintiff must establish that a different conclusion was the *only* reasonable interpretation of this evidence. *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (explaining that the Commissioner's findings of fact must be upheld unless "a reasonable factfinder would *have to conclude otherwise*"); *Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022) ("Under our very deferential standard of review, we cannot say that no reasonable factfinder could have reached the same conclusion . . ..") (internal citations omitted); *see also Bertina K. o/b/o T.J.S. v. Comm'r of Soc. Sec.*, 1:20-cv-1846, 2022 WL 3370808, at

*3 (W.D.N.Y. Aug. 16, 2022) ("Under the substantial evidence standard of review, it is not enough for Plaintiff to merely disagree with the ALJ's weighing of the evidence or to argue that the evidence in the record could support her position. . .. Plaintiff must show that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in record." (internal citations omitted)).

In sum, the ALJ's decision is supported by substantial evidence and therefore must be affirmed.

## CONCLUSION

For the above reasons, Plaintiff's motion for judgment on the pleadings (Dkt. No. 5) is denied and defendant's motion for judgment on the pleadings (Dkt. No.12) is granted. The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated:      August 13, 2026
           Buffalo, New York

MICHAEL J. ROEMER
United States Magistrate Judge

- 9 -